AO 91 (Rev. 08/09) Criminal Complaint                                   AUSA: RUSSELL R. KILLINGER

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Pascual Antonio-Antonio,<br><br>*Defendant(s)* | )<br>)<br>) Case No.   13-77-JMH<br>)<br>)<br>) |

FILED by _____ D.C.
JUL 2 5 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  July 23, 2013   in the county of   Martin   in the   Southern   District of   Florida  , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326(a) | Ilegal reentry of previously removed alien |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Damian Weston, Deportation Officer, ICE
*Printed name and title*

I find probable cause
Sworn to before me and signed in my presence.

Date: 7/25/13

City and state:       West Palm Beach, Florida

_____
*Judge's signature*

James M. Hopkins, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT OF DAMIAN WESTON
IMMIGRATION CUSTOMS & ENFORCEMENT
DEPARTMENT OF HOMELAND SECURITY
ENFORCEMENT AND REMOVAL OPERATIONS

I, Damian Weston, being duly sworn, depose and state that:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over four years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause.

3. On March 22, 2013, Pascual ANTONIO-ANTONIO, (also known as Jose VELASQUEZ-JIMENEZ and Pascual Antonio ANTONIO) was arrested on an out of county warrant for violation of probation: driving while under the influence and driving without a valid license, in Highlands County, Florida. Pascual ANTONIO-ANTONIO, using the alias Pascual Antonio ANTONIO, was also fingerprinted by the Highlands County Jail booking officials.

4. After his initial appearance for the above listed state case, Pascual ANTONIO-ANTONIO was given a set bond, subsequently posted bond and was released from custody. Pascual ANTONIO-ANTONIO was currently out on bond and was scheduled to reappear in state court.

5. On March 22, 2013, I was made aware that Pascual ANTONIO ANTONIO had been arrested, in Highlands County, in the Southern District of Florida.

1

6. On March 29, 2013, I received the Immigration file bearing control number A 200 192 811, corresponding to Pascual ANTONIO-ANTONIO. The records located under the A-file confirm that Pascual ANTONIO-ANTONIO is a native and citizen of Guatemala. In addition, the records also show that on or about January 19, 2012, Pascual ANTONIO-ANTONIO was ordered removed from the United States. A Notice to Alien Ordered Removed/ Departure Verification (Form I-296) was executed on February 1, 2012, and Pascual ANTONIO-ANTONIO was removed from the United States to Guatemala. Prior to being removed, law enforcement obtained Pascual ANTONIO ANTONIO's fingerprint on the Notice to Alien Ordered Removed/Departure Verification form. To date, Pascual ANTONIO-ANTONIO has been removed from the United States on two (2) separate occasions: February 1, 2012 and March 21, 2012.

7. A further review of the Immigration file shows that Pascual ANTONIO-ANTONIO was previously convicted, in the United States District Court, Southern District of Texas, McAllen Division, on March 1, 2012, of the violation of Title 8 USC 1325(a)(1), improper entry by alien.

8. On July 23, 2013, Pascual ANTONIO-ANTONIO was arrested on an immigration violation, by the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations, in Highlands County, Florida.

9. On July 23, 2013, Pascual ANTONIO-ANTONIO was fingerprinted by Deportation Officer Hector Gonzalez.

10. On July 23, 2013, Pascual ANTONIO-ANTONIO was interviewed by Deportation Officer Hector Gonzalez. A sworn statement (Written) was completed, post Miranda, and after waiving these rights, Pascial ANTONIO-ANTONIO admitted to the following information:
- Pascual ANTONIO-ANTONIO is a citizen of Guatemala and does not have legal immigration status within the United States;
- Pascual ANTONIO-ANTONIO was previously deported from the United States to Guatemala and reentered the United States, illegally;
- Pascual ANTONIO-ANTONIO did not obtain permission from the appropriate United States government authorities to return to the United States after previously being deported

2

11. On July 24, 2013, I received the Certificate of Nonexistence of Records pertaining to Pascual ANTONIO-ANTONIO under Alien File Number A 200 192 811. The Certificate of Nonexistence of Record confirms that, after a diligent search, no record was found to exist indicating that Pascual ANTONIO-ANTONIO had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security, for readmission into the United States, as required by law.

12. The fingerprints of Pascual ANTONIO-ANTONIO, taken by Deportation Officer Hector Gonzalez, on or about July 23, 2013, were compared to the following fingerprints:

- The fingerprint on the Warrant of Removal/Deportation (form I-205) executed on March 21, 2012;

John Solek, Certified fingerprint examiner, Supervisory United States Border Patrol Agent, United States Border Patrol, Riviera Beach, Florida, determined that the fingerprints on the documents were, in fact, taken from the same person.

10. Based on the foregoing, I believe there exists sufficient probable cause to charge Pascual ANTONIO-ANTONIO with violating Title 8, U.S.C., Section 1326(a).

Further your affiant sayeth naught.

_____
Damian Weston Deportation Officer
Immigration and Customs Enforcement


Sworn and subscribed to before me this 25 day of July , 2013 in West Palm Beach, Florida.

_____
James M. Hopkins
United States Magistrate Judge

3